**SAO**
RICHARD A HARRIS, ESQ.
Nevada Bar No.: 505
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:  (702) 444-4455
E-Mail: Charlie@RichardHarrisLaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADELLA DELISLE, individually.<br><br>Plaintiff,<br><br>vs.<br><br>RASIER, LLC., a foreign limited-liability company; DOE DRIVER, an individual DOES 1 through 100; and ROE CORPORATIONS 101 through 200;<br><br>Defendants. | CASE NO.:    2:20-cv-00933-JAD-VCF<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT** |

Plaintiff, ADELLA DELISLE, and Defendant RASIER, LLC, by and through their respective counsel, hereby stipulate and agree, pursuant to FRCP 15 and FRCP 10, that Plaintiff may amend his Complaint as illustrated in the proposed First Amended Complaint attached hereto as Exhibit 1 to add WESLEY EASTRIDGE as a Defendant.

///

///



| | |
|---|---|
| DATED this 24th day of November 2020 | DATED this 24th day of November 2020 |
| RICHARD HARRIS LAW FIRM | WOOD, SMITH, HENNING, & BERMAN, LLP |
| */s/ Charles S. Jackson* | */s/ Analise N. M. Tilton* |
| CHARLES S. JACKSON, ESQ. | JANICE MICHAELS, ESQ. |
| Nevada Bar No. 13158 | Nevada Bar No. 6062 |
| 801 South Fourth Street | ANALISE N. M. TILTON, ESQ. |
| Las Vegas, Nevada 89101 | Nevada Bar No. 13185 |
| *Attorneys for Plaintiff* | 2881 Business Park Court, Ste. 200 |
| | Las Vegas, NV 89128 |
| | *Attorneys for Defendants* |

## **ORDER**

**IT IS SO ORDERED** that the caption and Complaint be amended to include WELSEY EASTRIDGE in the place of DOE DRIVER as indicated in the attached Exhibit 1. The Amended Complaint must be filed on or before December 8, 2020.

DATED this 30th day of November 2020.

_____
United States Magistrate Judge

Respectfully Submitted by:

RICHARD HARRIS LAW FIRM

*/s/ Charles S. Jackson*
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

**From:** Analise N. M. Tilton <atilton@wshblaw.com>
**Sent:** Tuesday, November 24, 2020 12:42 PM
**To:** Charlie Jackson <Charlie@richardharrislaw.com>
**Cc:** Michelle N. Ledesma <MLedesma@wshblaw.com>; Amy Chandler <achandler@richardharrislaw.com>; Jacquelyn Witt <JWitt@wshblaw.com>
**Subject:** RE: SAO to Amend; Delisle vs. Raiser, LLC.

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Great, thanks Charles! Please use my e-signature with those changes. Thanks again and have happy and safe Thanksgiving!

### Analise N. M. Tilton

Senior Counsel | Wood, Smith, Henning & Berman LLP
2881 Business Park Court, Suite 200 | Las Vegas, NV 89128-9020
atilton@wshblaw.com | **T** (702) 251-4115 | **M** (702) 249-7399

CALIFORNIA • NEW YORK • FLORIDA • WASHINGTON • ARIZONA • COLORADO • OREGON • NEW JERSEY • MASSACHUSETTS • CONNECTICUT • PENNSYLVANIA • GEORGIA • ILLINOIS • NORTH CAROLINA • SOUTH CAROLINA • NEVADA • TEXAS

**From:** Charlie Jackson <Charlie@richardharrislaw.com>
**Sent:** Tuesday, November 24, 2020 12:25 PM
**To:** Analise N. M. Tilton <atilton@wshblaw.com>
**Cc:** Michelle N. Ledesma <MLedesma@wshblaw.com>; Amy Chandler <achandler@richardharrislaw.com>
**Subject:** [EXTERNAL] RE: SAO to Amend; Delisle vs. Raiser, LLC.

Updated- May I used your electronic signature and send to the court?

**Charles Jackson**
Attorney

801 South 4th Street | Las Vegas, NV 89101
tel (702) 444-4444 | fax (702) 444-4455

Confidentiality Notice: This message and any attachments are for the named person's use only. The message and any attachment may contain confidential, proprietary, or privileged information. No confidentiality or privilege is waived or lost by any mistransmission. If you receive this message in error, please immediately notify the sender, delete all copies of it from your system, and destroy any hard copies of it. Please do not, directly or indirectly, use, disclose, distribute, print, or copy any part of this message if you are not the intended recipient. Further, this message shall not be considered, nor shall it constitute an electronic transaction, non-paper transaction, and/or electronic signature under any and all electronic acts including the Uniform Electronic Transfer Act and/or the Electronic Signatures in Global and National Commerce Act.

# EXHIBIT 1

**ACOM**
RICHARD A HARRIS, ESQ.
Nevada Bar No.: 505
CHARLES S. JACKSON, ESQ.
Nevada Bar No. 13158
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:  (702) 444-4455
E-Mail: Charlie@RichardHarrisLaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADELLA DELISLE, individually.<br><br>Plaintiff,<br><br>vs.<br><br>RASIER, LLC., a foreign limited-liability company; WESLEY EASTRIDGE, an individual; DOES 1 through 100; and ROE CORPORATIONS 101 through 200;<br><br>Defendants. | CASE NO.:   2:20-cv-00933-JAD-VCF<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, ADELLA DELISLE through her counsel, Charles S. Jackson, Esq., of THE RICHARD HARRIS LAW FIRM complains against Defendants as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff ADELLA DELISLE (hereinafter "Plaintiff") is and was a resident of Clark County, Nevada at all material times herein.

2. Defendant WESLEY EASTRIDGE is and was an individual who is a resident of Clark County, Nevada at all times material herein.

3. Defendant RASIER, LLC. (hereinafter "Defendant UBER") is and was a foreign business entity licensed to conduct business in Clark County, Nevada.

Page 1 of 5



4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES and ROE CORPORATIONS 1-200, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names; on information and belief, Plaintiffs allege that the Defendants, and each of them, designated herein as a DOE or ROE CORPORATION were responsible in some manner for the injuries sustained by the Plaintiffs resulting from the Accident and is liable for all damages due to Plaintiffs as alleged herein. Additional DOE OWNERS OF VEHICLE are not known at this time. Plaintiffs will ask leave of court to amend this Complaint to insert the true names and capacities when the same is ascertained and to join such Defendants in this action.

5. At all times herein, Defendant was driving, operating and using said vehicle with the knowledge, permission and consent and under the direct supervision and control of all other Defendants, as the case may be.

6. At all times herein, all of the Defendants were agents, servants, and employees of each and every other Defendant(s) and were acting within the course and scope of said employment and/or agency, as the case may be.

## FACTUAL BACKGROUND

7. On or about November 1, 2018, Plaintiff attempted to use the UberASSIST (hereinafter Uber Assist) function on the Uber application.

8. Plaintiff uses a walker to walk.

9. Uber Assist provides additional assistance to seniors and people with disabilities.

10. Uber Assist drivers are specially trained to assist riders into vehicles.

11. Defendant WESLEY EASTRIDGE was called using the Uber Assist function.

12. Defendant WESLEY EASTRIDGE arrived at Plaintiff's location.

13. Upon seeing Plaintiff, WESLEY EASTRIDGE declined to assist Plaintiff into the vehicle.

14. Plaintiff attempted to enter the vehicle herself.
15. While entering the vehicle, Plaintiff fell.
16. As a result of that fall, Plaintiff fractured her left ankle.
17. Plaintiffs suffered serious bodily injuries and property damage as a result of the motor vehicle collision.
18. Plaintiffs suffered personal injury and property damage in excess of $15,000.

## **CLAIMS FOR RELIEF**

### **FIRST CAUSE OF ACTION**
### **(NEGLIGENCE)**

19. Plaintiff hereby incorporates all of the foregoing paragraphs as if fully set forth herein.
20. Defendant WESLEY EASTRIDGE was negligent in that he, without limitation, failed to meet his duty of using due care in the assistance of Plaintiff, thus breaching his duty, including, but not limited to:
    a. Failing to provide assistance to Plaintiff into his vehicle;
    b. Improperly assisting Plaintiff into his vehicle;
    c. Failing to supervise Plaintiff's entrance into the vehicle; and,
    d. Refusing to provide assistance to Plaintiff's entry into the vehicle
21. As a direct and proximate result of Defendant's breach of duty of due care and carelessness and/or reckless conduct set forth, Plaintiff has suffered property damage and bodily injury and has been rendered sick and lame in an amount in excess of $15,000.
22. Plaintiff was able-bodied and, as a result of Defendant's negligence herein, Plaintiff has been forced to miss time from work, which has resulted in a loss in an amount uncertain at this time.
23. Plaintiff is entitled to all attorney's fees and costs of suit herein by virtue of having to prosecute the within action.

///

## SECOND CAUSE OF ACTION
## (NEGLIGENT HIRING, TRAINING, AND SUPERVISION)

24. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

25. At all times mentioned herein, Defendant UBER had a duty to hire competent persons, properly train them for tasks they would perform, and supervise them in the performance of those tasks, specifically driving and assisting passengers, like Plaintiff.

26. Defendant UBER breached its duty to properly train, supervise, retain and/or supervise its employees.

27. As a direct and proximate result of the aforementioned, Plaintiffs sustained injuries to their neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damage in a sum in excess of $15,000.

## THIRD CAUSE OF ACTION
## (RESPONDEAT SUPERIOR)

28. Plaintiff hereby incorporates all of the foregoing paragraphs as if fully set forth herein.

29. At all times mentioned herein, Defendant WESLEY EASTRIDGE was an employee and/or an agent of Defendant UBER.

30. Defendant was under Defendant UBER's control and acting in the scope of his employment or agency subordinate to Defendant UBER when the subject collision occurred.

31. Plaintiff was injured as a proximate consequence of Defendant WESLEY EASTRIDGE negligence while acting in the course and scope of such employment and/or agency.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, reserving the right individually or through counsel, to amend this Complaint prior to, or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays for judgment against said Defendants, and each of them, as follows:

1. For General and Special Damages in a sum in excess of $15,000.00 subject to proof at trial;
2. For Attorneys' Fees and Costs, as well as prejudgment interest;
3. For such other and further relief as the Court may deem just and equitable.

DATED this ____ day of November 2020.



**RICHARD HARRIS LAW FIRM**

_____
CHARLES S. JACKSON, ESQ.
Nevada Bar No.: 13158
801 South Fourth Street
Las Vegas, Nevada 89101
(702) 444-4444
*Attorneys for Plaintiff*